### PETTILLO, AD. VS. HOPSON.

On a plea of failure of consideration the defendant is, most assuredly, entitled to an abatement for only so much as the consideration had failed.

*Appeal from Van Buren Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

BYERS & COX, and STILLWELL & WOODRUFF, for appellant.

If there was any failure of consideration, it was only partial: the pleas were not supported, and of course the verdict ought to have been for appellant.  6 *Ark.* 416; 17 *Ib.* 10; 10 *Ib.* 273; 19 *Ib.* 666.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Pettillo, as administrator of Hylton, sued Hopson on a note for $150, executed to his intestate.

Hopson interposed two special pleas, alleging, in substance,

that the note sued on was executed in consideration that Hylton would convey and deliver to him seven acres of land, which he had failed to do, whereby the consideration, upon which the note was given, had wholly failed, etc.

Upon the trial of issues to the pleas, the defendant introduced evidence conducing to prove that he purchased of Hylton the seven acres of land and the improvement referred to in the pleas, at $300, paid him part of the price in money and property, and gave him the note sued on for the remainder. That Hylton had agreed to make him a deed for the seven acres of land, and deliver him possession thereof, but failed to do either. That the land was not worth more than $50. That Hylton was also to deliver to him possession of the improvement on the public land; and it was proven that defendant did obtain possession of the improvement, and sold it for $500.

The plaintiff asked the court, sitting as a jury, to declare the law to be, in effect, that defendant was not entitled to an abatement of the note beyond the value of the seven acres of land, which Hylton had failed to convey to him. But the court refused so to declare the law to be, rendered judgment for the defendant, and refused the plaintiff a new trial.

Most assuredly the defendant had no right to keep back the full amount of the note, when there was but a partial failure of the consideration upon which it was executed.   1 *St. & P.* 226; *Ib.* 71.

The judgment must be reversed, and the cause remanded, with instructions to grant the appellant a new trial.