HEARTMAN v. FRANKS.

36  501
56   71

1. PLEADING: *In appeals from justices of the peace.*

  In appeals from justices courts no more certainty nor greater formality is required in the pleadings in the circuit court than before the justice.

2. PARTIES: *Holder of note without assignment.*

  The real owner of a promissory note may sue on it in his own name without joining the payee, though he holds only by delivery and not by written assignment; or he may join the payee if necessary to quiet the rights of all parties and avoid future litigation. If he sue alone the defendant may put his title in issue, and if necessary for his protection, may have the payee made party to the suit.

APPEAL from *Izard* Circuit Court.
Hon. R. H. POWELL, Circuit Judge.

*Henderson & Caruth*, for appellant:

Execution of note to company admitted its existence as a corporation.   12 *Ark.*, 769.

Appellant was assignee and true party in interest.

Any mark intended for maker's name binds him.   *Daniel on Neg. Inst., vol.* 1, *top p.* 546; 4 *McLean*, 173.   Nego-

tiability not destroyed by waiver of objection.  *Daniel, etc.,* top pp. 52, 54, *vol.* 1 ; 67 *Penn. St.*

Demurrer proper.  *Gantt's Digest, sec.* 4564.  No new issues raised by it, and not affected by the decision in 30 *Ark.,* 560.

The clock company was the party in interest, no valid assignment being shown.  Note void as contrary to public policy.  *Smith on Cont., pp.* 201-2 ; 25  *Am. Rep.,* 401 ; 13 *Ark.,* 22.

STATEMENT.

EAKIN, J.   Heartman sued Franks before a justice of the peace, filing a note, executed by the defendant, dated November 28, 1877, for $33 payable to the order of the "Southern Callender Clock Company" on the first of November, 1878, waiving all rights under the homestead, exemption, or stay laws.  Defendant appeared, and as the transcript says, demurred verbally to the case.  His objection was overruled, and judgment was rendered against him, from which he appealed to the circuit court.

There, he filed a written demurrer, as he says, to the "complaint" for defect of parties, and because it does not "state facts sufficient to constitute a cause of action." Plaintiff moved to strike it out because it tendered issues not raised in the justice's court.  The court overruled the motion and sustained the demurrer  The plaintiff declining to plead further, suffered judgment and appealed.

It appears from the recitals of the justice's transcript, which sets forth the face of the note, that there was some sort of assignment, but what it was, does not appear.  The objections made upon the oral demurrer before him were, that there was no evidence that the payee was incorporated, and also, that the assignment was insufficient as " not being signed by an individual, nor by the *full name* of said

company." In the circuit court, however, he was allowed to withdraw the oral demurrer shown in the justice's transcript, and substitute the written demurrer above recited. Having before us no showing of any indorsement whatever, beyond the expression in the transcript from the justice that it had been assigned, we must treat this case as if there were really no indorsement upon the note.

### OPINION.

The statute (*Gantt's Digest, sec. 3740*) recognizes proceedings before a justice to show cause of action, or defense, as a kind of pleadings; and provides that they may be written, or oral without verification. In case of oral pleadings the ancient practice of courts of record, in the illiterate days, is prescribed. The justice is required to write down the substance thereof on his docket, as the clerk did when the proceedings were *ore tenus*. It is further required (sec. 3741) that the original, or a copy of all written instruments upon which a cause of action or defense is founded, shall be filed, or some reason given in excuse. If there be no written contract, the plaintiff, before summons issued, is required to file an account, or a short written statement of the facts on which the action is founded. *Ib., sec. 3726.*

Upon appeal to the circuit court no more certainty, nor greater formality, will be required than before the justice. In these informal proceedings, the possession of the note and the filing of it was sufficient showing of a *prima facie* cause of action, unless, in order to enable him to maintain the suit, it were necessary for the plaintiff either to show a written assignment from the payees or make them parties. In this view it is wholly immaterial whether the company was incorporate or not. Either as a corporation, or a partnership, its existence was recognized by the note, and in either

1. PLEADING

In appeals from justices of the peace.

case it could assign. The clause in the note waiving exemption rights, etc., was if not permissible (a question not presented) only nugatory. If held void, it would not be on the ground of any culpable violation of public policy on the part of the payee, to be visited with a forfeiture; but upon the ground of protecting the debtor, against an abandonment of his rights, by relieving him from what, but for his supposed pressure, and want of free will, would be an estoppel. This question can not be well raised before execution to be taken or threatened.

2. PARTIES: Holder of note without assignment.    The naked question remains, can the holder, and owner of the beneficial interest, in a note payable to order, but without written indorsement, sue the maker without joining the payee?

It could not be done under the common law practice. The suit would have been required to be brought in the name of the payee for the use of the true owner. This was a cumbersome practice, attended with some inconvenience.

Our Civil Code, and perhaps that of every state which has adopted the new system of procedure, makes it now, a cardinal point that "every action must be prosecuted in the name of the real party in interest." (*Gantt's Digest, sec. 4469*). Some exceptions are made, not affecting this case. It is worthy of note that amidst all the objections made to the Code system, the wisdom of this provision has been recognized by universal acquiescence.

There is an authority in Kentucky (*Gill v. Johnson's admr., 1 Metcalf, 649*) which seems to hold that in case of a transfer of a note by delivery only, the legal title remains in the payee, and he is a necessary party. It is the plain expression of the chief justice of that court, and perhaps correct in its application to the facts of the case before him. He adds that it appeared "by the statement *con-*

*tained in the petition* that he was a necessary party." This may have been, very properly, as any remaining interest in him would have made him *pro tanto* a real owner, notwithstanding he had parted with the possession.

To adopt the expressions, however, as formulating a general principle would go far to neutralize a very popular section of a Code which has otherwise been unsparingly criticised, and would be opposed to the weight of authority in other Code states. If the general rule, as announced, has been since adopted and acted on in Kentucky even, the cases have escaped our attention.

The Code seems to us to admit of but one construction: that the absolute owner and holder of an instrument, entitled to the money to be collected upon it, need not join the payee in the suit, although he may do so if it be necessary to quiet the rights of all parties, and avoid future litigation. See on this point *Edwards on Bills and Notes, page 665. Numerous Iowa cases cited in Stiles' Digest, vol. 3, p. 287.* See also as directly in point *Boeka v. Nuella, 28 Mo., 180,* followed by *Harvey & Wheedon v. Brooke, 36 Mo., 493.*

This rule simplifies proceedings, and defendants are sufficiently protected by their right to put the ownership in issue, or if their security requires it, to show the fact and have the payee brought in. In the case now in judgment the plaintiff was entitled, if required, to prove that he was the real owner, the transcript from the justice sufficiently showing that he claimed to be, and founded his action on that.

The court erred in sustaining the demurrer; for which cause the judgment must be reversed, and the cause remanded for further proceedings consistent with this opinion.