## WEBSTER *v.* CARTER.

### Opinion delivered June 19, 1911.

1. BILLS AND NOTES—UNINDORSED NOTE—PARTIES.—The real owner of a promissory note may sue on it in his own name, without joining the payee, though he holds only by delivery, and not by written assignment, under Kirby's Digest, § 5099, providing that "every action must be prosecuted in the name of the real party in interest." (Page 460.)

2. SAME—EFFECT OF PURCHASE WITHOUT INDORSEMENT.—One who takes a negotiable note, payable to order, by delivery merely and without written assignment is not an innocent purchaser, and takes subject to all equities between the original parties. (Page 460.)

3. FRAUD—NOTICE.—A vendee who discovers fraud or false representation of the vendor before the contract of sale is consummated cannot afterwards be heard to complain, either in an action for deceit or as a defense in an action against him to recover the purchase price. (Page 461.)

4. BILLS AND NOTES—PARTIAL FAILURE OF CONSIDERATION.—On a plea of a partial failure of consideration, in an action on a promissory note, the defendant is entitled, by way of a recoupment, to abatement for so much of the consideration as has failed. (Page 461.)

5. SALE OF CHATTELS—RECOUPMENT.—In an action on a note given for the purchase of a stallion, the defendant is entitled to prove, by way of recoupment, that the vendor promised to furnish papers showing that the stallion was duly registered, and that he failed to do so. (Page 461.)

Appeal from Johnson Circuit Court; *Hugh Basham,* Judge; reversed.

*George O. Patterson* and *T. D. Crawford* for appellant.

1. No defense was made out against the note. There was no offer to restore the horse and rescind the sale. A purchaser will not be permitted to retain the property and defend against the payment of the purchase money for want of consideration on the ground of fraud. 5 Ark. 395; 46 Ark. 33. The testimony shows that appellee was informed of the horse's age at the time he executed the note. There can be no rescission for a partial failure of consideration. 21 Ark. 342; Benjamin on Sales, 396, 397. Where the buyer receives what he really intended to buy, although the thing bought should turn out to be worthless, there is no failure of consideration. The doctrine of *caveat emptor* applies. Benjamin on Sales, 395; 2 Mechem, Sales, § § 832, 1311; 10 Wall. 383.

2. It is not material whether appellant purchased the note with knowledge of appellee's defense or not, since the testimony is undisputed that J. B. Reynolds was a *bona fide* purchaser for full value. He acquired the rights of an innocent purchaser, and could transmit those rights to one with notice of the maker's defenses. 94 U. S. 278; 132 U. S. 117; Norton or Bills and Notes, 326 and cases cited.

*Webb Covington* and *Charles Jacobson,* for appellee.

Both J. B. Reynolds and appellant took the note subject to any equities that existed between the maker and the original payee. The note sued on was made payable to the order of L. C. Reynolds, not to bearer, and could be transferred so as to cut off the defense of the maker only by his, Reynolds's, indorsement, 101 U. S. 68; 5 Fed. 403; 56 Fed. 854; 59 Fed. 896; 118 N. Y. 355; 92 Ind. 309; 34 Kan. 230. Webster could not properly institute this suit in his own name. The mere sale and delivery of a promissory note payable to order, without indorsement or other written assignment, does not give the holder a right of action in his own name. 1 Dall. 369. Where the statute requires suit to be brought in the name of the real party in interest, plaintiff must show himself to be such, and mere legal title is not

sufficient.   8 Cyc. 68, 70, 71;  11 Ark. 105;  65 Ark. 209;  66 Ark. 312.

McCULLOCH, C. J.   The defendant, F. C. Carter, purchased a stallion from L. C. Reynolds, and executed to the latter a negotiable promissory note for $250 to cover part of the purchase price. Reynolds sold and delivered the note to his son, J. B. Reynolds, for a valuable consideration, and, as it is claimed, before maturity, and the latter sold and delivered the note, before maturity, to the plaintiff, H. R. Webster.   There was no indorsement made on the note by either L. C. Reynolds or J. B. Reynolds, nor was there any transfer in writing.   The transfer was only by delivery. Webster instituted this action against Carter on the note, and the latter defended on the alleged ground that Reynolds, the vendor, had falsely represented the age of the horse, and that he had promised to furnish registration papers showing that the horse had been registered but failed to do so.   On a trial of the case below, there was a verdict and judgment in favor of the defendant, and the plaintiff appealed.

The first question urged by the defendant is that, the note being payable to the order of Reynolds and not being assigned in writing, the plaintiff has no right to maintain an action in his own name.   This was undoubtedly the rule at common law, and prior to the adoption of the Code this court so decided.   *Biscoe* v. *Sneed,* 11 Ark. 104; *Sumpter* v. *Tucker,* 14 Ark. 185.   But this court, in *Heartman* v. *Franks,* 36 Ark. 501, held that the "real owner of a promissory note may sue on it in his own name without joining the payee, though he holds only by delivery and not by written assignment," basing the conclusion on the provision of our statute to the effect that "every action must be prosecuted in the name of the real party in interest."   Kirby's Digest, § 5999.

The next question is, whether the plaintiff, being the owner of the note by sale and delivery without written indorsement, can be treated as an innocent purchaser for value under the law merchant.   The authorities appear to be unanimous in holding that one who takes a negotiable note, payable to order, by delivery merely, and without written assignment, is not an innocent purchaser, and takes subject to all equities between the original parties.   *Trust Co.* v. *National Bank,* 101 U. S. 68; 2 Randolph on

Commercial Paper, § § 787-789. Plaintiff therefore took the note sued on subject to any defense which the maker had against the original payee.

It is insisted, however, by learned counsel for the plaintiff that, even though the plaintiff be treated not as an innocent purchaser, the evidence is insufficient to sustain the defense. The defendant testified that L. C. Reynolds, his vendor, represented to him, at the time of the sale, that the horse was only nine years old. He admitted, however, that before the sale was consummated he ascertained, from a statement made by Reynolds in his presence, that the horse was fourteen years old. The proof shows that this was the correct age of the horse; and as the defendant learned of the false representation before he consummated the sale, he cannot be heard to offer this as a defense against the note. A vendee who discovers fraud or false representation of the vendor before the contract of sale is consummated cannot afterwards be heard to complain, either in an action for deceit or as a defense in an action against him for the recovery of the purchase price. *McDonough* v. *Williams,* 77 Ark. 261.

The defendant contends that Reynolds promised to furnish registration papers showing that the horse was duly registered, and that he failed to do so. This is, in effect, a plea of partial failure of consideration. It is not contended that the horse was not, in fact, registered as represented by Reynolds, and there is no evidence tending to show this. The claim is merely that he failed to perform his part of the contract by furnishing registration papers. This was a part of the consideration for the execution of the note, and the failure to comply with this part of the contract constituted a partial failure of consideration, for which the defendant has a remedy. In a recent work on this subject attention is called to the contrariety of authority on the question, whether or not a partial failure of consideration may be availed of as a defense to an action on a promissory note. Joyce on Defenses to Commercial Paper, § 207. But, so far as this court is concerned, that question has been put at rest by several decisions rendered at an early day, where it was held that, on a plea of partial failure of consideration, in an action on a promissory note or other contract, the defendant is entitled, by way of recoupment, to abatement for so much of the consideration as had failed.

*Wheat* v. *Dotson,* 12 Ark. 714; *Desha* v. *Robinson,* 17 Ark. 228; *Pettillo* v. *Hopson,* 23 Ark. 196. In the first of the above cited cases this court quoted with approval from an opinion of Chief Justice Collier of the Supreme Court of Alabama in *Peden* v. *Moore,* 1 Stewart & Porter 71, as follows:

"Whenever a defendant can maintain a cross action for damages on account of defect in personal property purchased by him, or for a noncompliance by the plaintiff with his part of the contract, he may, in a defense to an action upon his note made in consequence of such purchase or contract, claim a deduction corresponding with the injury he has sustained."

Defendant therefore had the right to avail himself of this defense, but he failed to prove any amount of damages by reason of the omission to furnish the registration papers. The verdict of the jury, which was in effect a finding that he had been damaged to the extent of the amount of the note, was entirely arbitrary and without evidence to sustain it. Defendant testified that he bred the horse freely, but does not show that he received any less compensation for the service on account of the omission to furnish evidence of the pedigree, nor that the horse served any less number of mares on account of that omission, nor is there any evidence as to amount of depreciation in the value of the horse on account of lack of the registration papers.

The judgment is therefore reversed, and the cause remanded for a new trial.