DUTTON *v*. MILLION.

Opinion delivered October 12, 1914.

1. BILLS AND NOTES—FAILURE OF CONSIDERATION—RECOUPMENT AND ABATEMENT.—In an action on a promissory note, the defendant is entitled, by way of recoupment, to an abatement for so much of the consideration as has failed.

2. BILLS AND NOTES—FAILURE OF CONSIDERATION—ABATEMENT.—A performed work for B., by digging a well, for which B. gave A. his promissory note. *Held*, where the work proved to have been defectively done, in an action by A. against B. on the note, B. is entitled to an abatement for so much of the consideration as has failed.

3. CONTRACTS—FAILURE OF CONSIDERATION—LIABILITY OF PROMISSOR.—A. agreed to dig a well for B., for which B. agreed to pay him. B. relied entirely upon A.'s knowledge and skill in doing the work, and when completed, accepted the same. *Held*, B. was not bound by his acceptance, when it appeared that the well was defectively dug and curbed.

4. APPEAL AND ERROR—JUDGMENT FOR ONE OF TWO DEFENDANTS—RIGHT OF PLAINTIFF TO COMPLAIN.—Where an action is brought against two defendants on a promissory note, and the verdict was in the name of one defendant, omitting the name of the other, and the judgment followed the form of the verdict, *held*, where both defendants had a common defense, the verdict and judgment should have been in favor of both, and the plaintiff can not complain because the judgment was not so rendered.

5. MARRIED WOMAN—NOTE OF HUSBAND—LIABILITY.—A married woman is not liable on a note executed jointly with her husband, and not made with reference to her separate estate nor for the benefit thereof.

Appeal from Randolph Circuit Court; *C. H. Henderson*, Special Judge; affirmed.

*Appellant, pro se.*

*T. W. Campbell,* for appellees.

The verdict was clearly a finding by the jury in favor of the counter-claim for damages interposed by the appellees, and such finding settles the rights of the parties, regardless of the form of the verdict. The counter-claim was a general plea that inured to both, and a verdict in favor of either defendant inured to the benefit of the other also. 71 Ark. 1; 36 Ark. 491; 11 Ark. 512; 17 Ark. 371.

McCULLOCH, C. J. This is an action instituted before a justice of the peace of Randolph County by the plaintiff, George Dutton, against the defendants, George W. Million and his wife, Florence Million, to recover the balance of a promissory note executed by the defendants to plaintiff for a part of the price for digging a well. The case was appealed to the circuit court, and the trial there resulted in a verdict and judgment in favor of the defendants.

The plaintiff was engaged in the business of digging wells, and entered into a contract with defendant, George W. Million, to dig and curb a well on the latter's farm. According to the terms of the contract, the plaintiff was to receive a certain price per foot for digging and curbing the well, and that he "guaranteed that he would get water." When the well was completed, the aggregate price was found to be $120, and the defendant, George W. Million, paid the plaintiff the sum of $25 in cash and executed the note in controversy, in the execution of which his wife joined. The sum of $50 was paid on the note, and this action was, as before stated, instituted to recover the balance. The defendants defended on the ground that the well was worthless by reason of poor workmanship of the plaintiff in curbing it, and that the consideration of the note, therefore, failed to the extent of the unpaid balance.

The testimony adduced by the defendants establishes the fact that after using the well a while the water became wholly unfit for use, many of the witnesses testifying that it had a dry or "irony" taste and looked muddy

and dingy. Defendants themselves testified that the water was unfit for use, as stated by the other witnesses, and that it had sand and dirt in it, which spoiled the well. There is also testimony to the effect that the defendant in putting in the galvanized iron casing or curb cut holes in it so as to let the water run into the well, and that this caused the well to fill with seep water and to let sand and dirt into it. Another witness, of experience in the well business, testified to the effect that cutting holes in the casing had the effect of ruining the well. Defendant, George W. Million, admitted that he was present when the well was dug and curbed, and knew the manner in which the work was done, but testified that he had had no experience in the well business and relied entirely upon the skill and judgment of the plaintiff and did not know at the time he made the cash payment and executed the note that the workmanship was unskillful or that the well would prove unsatisfactory.

It is earnestly contended, on behalf of the plaintiff, that the evidence is insufficient to establish the defense, but we are of the opinion that, while the evidence is not entirely satisfactory, there is enough to warrant a submission of the issue to a jury and to sustain the verdict.

In the case of *Webster* v. *Carter,* 99 Ark. 458, we held that in an action on a promissory note the defendant is entitled, by way of recoupment, to abatement for so much of the consideration as had failed; and in disposing of the case, we quoted with approval from the Supreme Court of Alabama in the case of *Peden* v. *Moore,* 1 Stewart & Porter, 71, as follows:

"Whenever a defendant can maintain a cross action for damages on account of defect in personal property purchased by him, or for a noncompliance by the plaintiff with his part of the contract, he may, in a defense to an action upon his note made in consequence of such purchase or contract, claim a deduction corresponding with the injury he has sustained."

The court submitted this case to the jury upon instructions which permitted them to return a verdict for

the defendants if they found that by reason of negligence or unskilfulness of plaintiff in putting in the casing the value of the well had been depreciated to the extent of the amount of the balance due on the note.

The court further instructed the jury that the plaintiff was not bound by his acceptance of the well, even though he was present and knew the character of the material and workmanship, if he was ignorant on the subject and relied entirely upon the representations of the plaintiff as to his skill.

We think those instructions were correct; for if, as contended by defendant, George W. Million, he had no knowledge of the proper method of constructing the curbing, and merely accepted the work because of his reliance upon the representations and superior knowledge of the plaintiff, he would not be bound by his acts, and was entitled to claim a failure of the consideration to the extent of the depreciation of the well caused by unskilful workmanship. Our conclusion is that the case was submitted under proper instructions, and that there was enough evidence to sustain the verdict.

The suit was, as before stated, against the defendant, George W. Million, and his wife, but the verdict of the jury was in favor of the defendant, George W. Million, and omitted any mention of his wife. The judgment followed the form of the verdict, and was only in favor of George W. Million. Subsequently, the plaintiff filed a motion to redocket the case as against Mrs. Million and proceed with another trial against her. The court overruled that motion, and we think that was correct. The defendants presented a common defense, and the verdict should have been in favor of both if in favor of either. The court should have rendered judgment in favor of both defendants upon the verdict, and the plaintiff can not complain because that was not done. Moreover, the undisputed evidence in the case showed that the defendant, Mrs. Million, was not liable on the note, as it was executed jointly with her husband and not with reference to her separate estate nor for the benefit thereof.

Judgment affirmed.