MORGAN *v.* CENTER.

Opinion delivered March 25, 1918.

DUE-BILL—ASSIGNMENT WITHOUT ENDORSEMENT—RIGHT OF ASSIGNEE
TO SUE.—A nonnegotiable due-bill was payable to one F. F. assigned it to appellant without endorsement. *Held,* appellant could not maintain an action against the maker of the bill without making F. a party plaintiff.

Appeal from Lafayette Circuit Court; *George R. Haynie,* Judge; affirmed.

*D. L. King,* for appellant.

1. The demurrer should have been sustained. Kirby & Castle's Digest, § 6941.

2. The court erred in excluding defendant's evidence and in instructing a verdict. The note was not endorsed at the time of the trial before the justice. The endorsement was antedated. The money was W. H. Ford's and the due bill was his. The endorsement was in W. H. Ford's handwriting.

It was error to exclude the testimony as to the direction to pay $150 to Henry Wheeler. The cause should have been submitted to a jury.

SMITH, J. On January 20, 1916, C. W. Morgan executed his due bill to Mrs. Alta M. Ford, which reads as follows: "Due Alta M. Ford on demand, five hundred, for value received, at 10 per cent. ints." Payments were made which reduced the balance due to $181.11, and on July 16, 1916, this due bill was sold to W. B. Center for $150. Center sued to recover the balance due. The execution of the due bill is not denied, and there is no controversy over the balance due.

Error is assigned in the refusal of the court to permit the introduction of testimony to show that W. H. Ford, the husband of Mrs. Alta M. Ford, had directed Morgan to pay $175 of this balance to one Henry Wheeler on account of the settlement of a controversy between Wheeler and Ford over a portion of a stock of goods which Wheeler and Ford had owned as partners. Morgan tes-

tified, however, that after this direction was given it was later countermanded, as Wheeler and Ford failed to settle their differences, and the money had never been paid by him.   Under these circumstances Morgan had no right to refuse payment of the due bill to the legal owner thereof, the same being due on demand.

The loan of the money represented by the due bill was made by Mr. Ford for his wife, and consisted of $200 in cash and two checks given by Mrs. Ford, which together amounted to $300.   This suit originated in the court of a justice of the peace and Morgan offered to show that at the trial in that court the due bill had not been endorsed. Center and Ford testified that the endorsement was made when the note was sold.   It is admitted that Mrs. Ford's name was endorsed on the due bill by her husband, but Mrs. Ford testified that her husband wrote her name on the due bill in her presence and with her permission and that he had entire charge of the transaction, and that she had no part in it except to furnish the money.

The court directed a verdict in favor of Center, and Morgan has appealed.   We must, therefore, assume that the jury would have found, had that issue been submitted to them, that the note was not endorsed at the time of the trial in the justice court, as the excluded testimony tended to show that such was the truth.

We think no error was committed under the facts of this case in directing a verdict in favor of the plaintiff. It is true that the instrument sued on was not a negotiable instrument, but it was an assignable instrument, and there was no question about its having been assigned to the plaintiff.   It is true that a demurrer was filed which raised the question that Mrs. Ford was not the proper party to institute this suit, but this demurrer was presented and insisted upon as a ground for the abatement of the cause of action.   Had Morgan asked that it be treated as a motion to make Mrs. Ford a party, that motion would, no doubt, have been granted by the court. However that may be, the undisputed evidence in the case shows that the real party in interest was the party plain-

tiff, that the actual owner of the due bill had brought the suit for its collection, and the undisputed testimony shows that the plaintiff was the owner of the note prior to the institution of the suit. The disputed question of fact was whether the endorsement was made after the trial of the cause in the justice court or prior to the institution of that suit.

A similar question was raised in the case of *Heartman* v. *Franks*, 36 Ark. 501. The court there decided (to quote the syllabus) : "The real owner of a promissory note may sue on it in his own name without joining the payee, though he holds only by delivery and not by written assignment; or he may join the payee if necessary to quiet the rights of all parties and avoid future litigation. If he sue alone the defendant may put his title in issue, and, if necessary for his protection, may have the payee made party to the suit."

The case quoted from and the case at bar are identical, except that the note there sued on was negotiable, while the due bill here sued on is non-negotiable. But that difference is not controlling. The case of *Webster* v. *Carter*, 99 Ark. 458, was a suit upon a note, the title to which had been passed by delivery, and not by written endorsement or assignment. The note there sued on was a negotiable instrument, but, notwithstanding that fact, it was insisted that the suit could not be maintained because the note had not been endorsed. In disposing of that contention the court said: "The first question urged by the defendant is that, the note being payable to the order of Reynolds, and not being assigned in writing, the plaintiff has no right to maintain an action in his own name. This was undoubtedly the rule at common law, and, prior to the adoption of the Code, this court so decided. *Biscoe* v. *Sneed*, 11 Ark. 104; *Sumpter* v. *Tucker*, 14 Ark. 185. But this court, in *Heartman* v. *Franks*, 36 Ark. 501, held that the "real owner of a promissory note may sue on it in his own name without joining the payee, though he holds only by delivery and not by written assignment," basing the conclusion on the provision of our

statute to the effect that "every action must be prosecuted in the name of the real party in interest." Kirby's Digest, § 5999. No equities have intervened here, as was the case in *Webster* v. *Carter, supra.*

It is apparent from the reasoning of the cases cited that the court would have held in each of those cases that the suit could not be maintained because the notes sued on were not assigned or endorsed, even though they were negotiable instruments, but for the provision of section 5999 of Kirby's Digest. The right to sue was upheld in each of those cases, not because the instruments sued on were negotiable, but because of section 5999 of Kirby's Digest, which provides that every action must be prosecuted in the name of the real party in interest.

Mrs. Ford testified in open court that she was not the owner of the note, but that it had been sold to the plaintiff, who was seeking to enforce its payment, and as Morgan did not for his protection ask that she be made a party plaintiff, no error was committed in overruling the demurrer and in directing a verdict for the plaintiff. Judgment affirmed.