## S. Robb & Co. *v.* W. Bailey.

*S. R.* sued as payee upon a note made payable to *S. R. & Co.*, alleging that he had traded alone under that style and firm ; defendant excepted, on the grounds, that he had traded with *S. R. & Co.*, and denied that plaintiff owned the note, or traded, as alleged, under the name and style of *S. R. & Co.*—*Held :* That plaintiff, to recover as payee, should prove that he alone composed the nominal firm of *S. R. & Co.*, to whom the note was made payable.

APPEAL from the District Court of the Parish of Rapides, *Cullom,* J.
    *T. C. Manning,* for plaintiff.    *Hyman & Cazabat,* for defendant and appellant.

SPOFFORD, J.    The plaintiff, *Samuel Robb,* sues the defendant upon a promissory note payable to *S. Robb & Co.*  The plaintiff's petition avers that he is trading alone, in Philadelphia, under the name and style of *S. Robb & Co.*  He sues as payee only, and not as endorsee.

The defendant, for answer to the suit, filed an exception stating that he contracted the obligation sued on with *S. Robb & Co.* and not with *Samuel Robb,* who is unknown to him.  He also denied that *Samuel Robb* owned the note, or traded under the name and style of *S. Robb & Co.*

The plaintiff offered no evidence but the note sued on, and had judgment.  The defendant has appealed.

This is not a case of an alleged nonjoinder or misjoinder of parties, where the defendant excepting is obliged to point out how the error may be corrected.  But the objection goes to the right of action upon the note ; it denies that the plaintiff is the payee, or that he is even one of the payees.

It would seem, from the authorities, that the plaintiff, *Samuel Robb,* should have proved his averment, which was so specially denied, that he alone composed the nominal firm of *S. Robb & Co.*

Greenleaf lays down the rule thus : " where the bill or note is *made payable* to a firm by the name of *A. & Co.,* the payees, in a suit *in their own names,* must prove that they were the persons who composed the firm."    2 Greenleaf Ev. §163.
This doctrine was recognized as applicable, under similar circumstances, to those presented here, in the case of *Ferguson, Administrator,* v. *King, Curator,* 5 An. 642.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed, and the cause remanded for a new trial, the costs of this appeal to be borne by the plaintiff and appellee.