## Thomas H. Redmond v. James E. Stansbury.

*Negotiable promissory note: Title of plaintiff.* In a suit by James E. Stansbury, upon a negotiable promissory note, payable to the order of the "Stansbury Oyster Co.," the possession and production of the note by the plaintiff, is not alone sufficient evidence of his title to entitle him to recover.

*Statute construed.* The statute (*Sess. L., 1863, p. 102*), permitting an assignee of a chose in action, "not negotiable under existing laws," to sue and recover in his own name, does not apply to such a case. This statute expressly excepts all paper negotiable under existing laws; and the note in question was of that kind.

*Heard April 5. Decided April 10.*

Error to Jackson Circuit.

The testimony of Sharp, referred to in the opinion, was given under objection, and was to the effect that he was informed and believed that the plaintiff was the Stansbury

Oyster Co., and did business in that name; that he received the note for collection from one who represented himself to be James E. Stansbury; that he only knew the plaintiff or the Stansbury Oyster Co. by hearsay.

*Calvin C. Burt* and *Browse T. Prentis*, for plaintiff in error.

*Conely & Sharp*, for defendant in error.

GRAVES, J.

Stansbury sued Redmond before a justice, and declared upon the common and money counts, and filed the following instrument as a cause of action:

" $64.20.　　　　TOLEDO, O., November 15, 1870.

Thirty days after date I promise to pay to order of the Stansbury Oyster Co. sixty-four dollars and twenty cents at the First National Bank, Jackson Michigan. Value received.

(Signed) "THOMAS H. REDMOND."

Across the face was written: " Accepted November 17, 1870." 　　　　(Signed) " THOMAS H. REDMOND."

The justice rendered judgment in favor of Stansbury, which was afterwards affirmed in the circuit court on *certiorari.*

If there was any legal evidence before the justice, of Stansbury's title to this note, it was only such as the law could raise from his possession. The note was expressly made payable to the order of the Stansbury Oyster Co. and the possession and production of the note by Stansbury was not the evidence required by the law merchant of his title. By that law something more is required than mere possession in one who appears to hold under a derivative title.

It is admitted that the evidence of Sharp on the question of ownership was improper, but it is urged that the act

of 1863 (*Sess. L. 1863, p. 102*), amending *section 4159, Comp. L.*, relieved the plaintiff below from the necessity of making any special proof.

The reasoning is this: That the act of 1863 allows choses in action to be transferred in the same way as chattels; that this note is a chose in action, and that its possession, like the possession of a horse, was evidence of ownership. The language of the act itself furnishes an explicit answer to this argument. The statute expressly excepted from its operation all papers allowed to be negotiable under the laws as they were before the statute; and the note in suit was of this kind.

The plaintiff below could, therefore, derive no aid from the law of 1863, and as he failed to show himself invested with the legal title through any mode recognized by law, the judgment below should be reversed with costs.

The other Justices concurred.