L. C. DESSAINT and others *vs.* H. F. W. ELLING and others.

December 6, 1883.

**Possession of Assigned Note held not Proof of Title.**—The possession by the plaintiffs (L. C. Dessaint, L. A. Dessaint, and F. W. Angell) of a promissory note, payable by special indorsement to "L. C. Dessaint & Sons," is not proof of title in the plaintiffs, there being no evidence of the identity of the plaintiffs with the indorsees, (assignees,) named.

**Answer—Denial of Copartnership of Plaintiffs.**—A denial by answer that the plaintiffs "were copartners, as alleged in the complaint or otherwise," puts in issue allegations of the copartnership of the plaintiffs.

Appeal by plaintiffs from an order of the district court for McLeod county, *Macdonald, J.*, presiding, refusing a new trial.

The plaintiffs, L. C. Dessaint, L. A. Dessaint and F. W. Angell, allege that they "are now, and during all the times hereinafter stated have been, copartners doing business as such under the firm name and style of L. C. Dessaint & Sons," and declare on a promissory note made by defendants to one Goebel, alleging a sale and indorsement by Goebel to Jno. S. Davis' Sons, and a sale and indorsement by the latter to plaintiffs, each transfer being for value and before maturity. In their answer, the defendants "deny that the said plaintiffs were copartners as alleged in said complaint, or otherwise, and deny that they were, during all the time in said complaint alleged, such copartners." They allege a defence to the note in the hands of Goebel, and "deny that the said note has ever been indorsed, or transferred, or sold, for any consideration, or otherwise, from the said Goebel to said Davis' Sons, or by said Davis' Sons to the plaintiffs herein, or in any manner."

At the trial the plaintiffs introduced in evidence the note described in the complaint, with the following indorsements: "Pay to the order of Jno. S. Davis' Sons, without recourse to Henry Goebel."

"For value received, we hereby assign all our right, title and interest in and to the within note to L. C. Dessaint & Sons.   Jno. S. Davis' Sons."

The plaintiffs then rested their case, and the court directed a verdict for defendants, to which plaintiffs excepted.

*M. O. Little*, for appellants, argued that the denial of the indorsement and ownership of the note was insufficient, (*Hayward* v. *Grant*, 13 Minn. 154, (165;) *Doll* v. *Good*, 38 Cal. 287; *Landers* v. *Bolton*, 26 Cal. 393,) and the denial of the plaintiffs' partnership is a mere negative pregnant, and insufficient. *Hayward* v. *Grant, supra;* Moak's Van Sant. Pl. 330–1; *Schaltzel* v. *Germantown, etc., Ins. Co.,* 22 Wis. 412.

*A. P. Fitch* and *H. J. Peck*, for respondents.

DICKINSON, J.    The plaintiffs, L. C. Dessaint, L. A. Dessaint, and F. W. Angell, seek to recover as assignees of a promissory note, made by the defendants, payable to the order of one Goebel, and alleged in the complaint to have been indorsed to the plaintiffs.    The complaint alleges that the plaintiffs are, and were during a period including the time when the note was transferred to them, copartners, doing business as such under the firm name of L. C. Dessaint & Sons.    The answer denies that the plaintiffs "were copartners as alleged in said complaint or otherwise."    The transfer of the note to the plaintiffs was denied.    Upon trial the plaintiffs introduced in evidence the note with an indorsed assignment to "L. C. Dessaint & Sons," and rested their case without other evidence.    The court directed a verdict for the defendants.

The plaintiffs did not show a right to recover on the note.    The title of the plaintiffs was in issue, and it was incumbent upon them to prove it.    Proof that the note was assigned to L. C. Dessaint & Sons was not sufficient, without showing the identity of these plaintiffs and the assignees named.    The answer put in issue the alleged partnership, and, although the question whether the plaintiffs were copartners was not in itself a material issue, it was necessary to show that they were the assignees to whom the note had been transferred. Proof of the copartnership with the firm name, as alleged, would have been sufficient.    The note having been assigned, not by blank indorsement, but specially, the possession of the note by persons not named as the assignees does not raise a presumption of title in them.

*McGregor* v. *Cleveland,* 5 Wend. 475; *Redmond* v. *Stansbury,* 24 Mich. 445; *Guidon* v. *Robson,* 2 Camp. 302; *Robb* v. *Bailey,* 13 La. Ann. 457; 2 Greenl. Ev. § 163.

Order affirmed.