RICHARD O. BEARD, Administrator, *vs.* FIRST NATIONAL BANK OF MINNEAPOLIS.

December 27, 1888.

**Evidence—Conversation with Deceased Person—Witness Interested in Result of Action.**—The statute declaring the incompetency of one interested in the event of an action to testify concerning conversations with a deceased person relative to a matter in issue, *held* applicable to an indorser of a certificate of bank deposit, who had received from the defendant the money evidenced by it, the title of the certificate being in issue.

Appeal by plaintiff from a judgment of the municipal court of Minneapolis, where the action was tried by the court without a jury, and judgment directed and entered for defendant.

*Fred. W. Reed,* for appellant.

*J. L. Dobbin,* for respondent.

DICKINSON, J. The plaintiff, as administrator of the estate of Pauline Ende, deceased, prosecutes this action for the recovery of the

amount of a certificate of deposit in bank, issued by the defendant in favor of Pauline Ende in her lifetime. The certificate was in the usual form of such instruments. The giving of the certificate was admitted, but it was denied that Pauline Ende owned it at the time of her death. The instrument was offered in evidence, and appeared not to have been indorsed by Pauline Ende, upon whose order it was in terms payable. It had been indorsed by Julius Ende, a son of Pauline, and, as appears from his deposition, the bank had paid to him the amount of the deposit evidenced by this certificate. The defendant sought to justify this payment, upon the ground that Pauline, in her last sickness, had transferred this property to Julius as a *donatio mortis causa.* Julius' testimony was received, against the plaintiff's objection, to the effect that his mother in her sickness gave him the certificate, telling him to keep it, and to do as he wanted to with the money. This evidence should not have been received. The statute (Gen. St. 1878, c. 73, § 8) provides that "it shall not be competent for any party to an action, or interested in the event thereof, to give evidence therein of or concerning any conversation with or admission of a deceased or insane party or person relative to any matter at issue between the parties." The matter here in issue was the ownership, by Pauline Ende, of this deposit and certificate at the time of her death. It does not appear that she had transferred her property, unless that is shown by the testimony in question. His (Julius') possession of the instrument, unindorsed by Pauline, was no evidence of title in him. *Van Eman* v. *Stanchfield,* 10 Minn. 197, (255;) *Van Eman* v. *Stanchfield,* 13 Minn. 70, (75.) The witness was "interested in the event" of the action, within the meaning of the statute. By his indorsement of the certificate, surrendering it to the bank, and receiving the amount of the deposit, he became answerable for the validity of his title, and liable to the bank in the event of its failure. If this plaintiff is entitled to recover the deposit as assets of the estate of the intestate, and if such a recovery should be awarded against the bank, the latter would have a cause of action against this witness, which might be enforced by action. And so, on the other hand, if the plaintiff is found not entitled to recover in this action because the intestate had made a complete gift to her son, neither, for the same

reason, is the latter liable to the bank. It thus appearing that the interest of the witness would be directly affected by the event of the action, he was incompetent to testify as he did. 1 Greenl. Ev. §§ 390–398. The evidence was not admissible, under the decision in *Chadwick* v. *Cornish*, 26 Minn. 28, (1 N. W. Rep. 55,) in which it was held that the acts of the deceased might be thus shown.

It is at least doubtful whether the evidence was sufficient to show a complete gift, either *mortis causa* or *inter vivos*, but as to that we will not decide.

Judgment reversed, and new trial awarded.