SCHOOL DISTRICT V. CROMER.

1. STATUTE OF LIMITATIONS: *Acknowledgment*: *New promise.*
   The written acknowledgment of a debt will not be sufficient to fix a new period for the statute of limitations to run from, if it embraces a qualification which rebuts the inference of an unconditional promise to pay.

2. SAME: *Same: Duplicate school warrants.*
   Where, in the place of certain school warrants destroyed by fire, duplicates are issued for the same amount, and bearing the same date as the original warrants, with the intention that they shall stand as the evidence of the debt for which the lost warrants were issued, and with like effect, the statute of limitations will run against the new warrants from the date they bear, and not from that on which they are actually issued.

APPEAL from *Carroll* Circuit Court, Western District.

·J. M. PITTMAN, Judge.

*Crump & Watkins*, for appellant.

1.  The issuing of duplicate warrants with the word "duplicate" written across their face, was not such an acknowledgment as will take the case out of the statute. *Mansf. Dig.*, sec. *4493; 45 Ark., 108; 9 id., 455; 10 id., 134; 12 ib., 595; ib., 762; 26 id., 540; 1 Peters, 351; 8 Cranch., 72; 8 Wheat, 309; 1 Harding (Ky.), 301; 1 Bibb (Ky.), 443.*

*The Appellee, pro se.*

The making of the order and reissuing the warrants created a new point from which the statute would begin to run. It was an acknowledgment in writing of the debt. *9 Ark., 455; 10 id., 134; 12 id., 595; ib., 762; 32 Me., 200; 6 Hun. (N.Y.), 80; Wood on Lim., p. 216–201.*

COCKRILL, C. J.  This was a suit by the appellee on school warrants, bearing date July 4, 1882—more than five years before suit was instituted.  The statute of limitations was interposed as a defense.  The judgment was for the plaintiff, on the following special finding of facts which are embodied in the judgment, viz. : " The court finds that the original warrants issued herein were issued by the board of directors on the 4th day of July, 1882; that afterwards they were destroyed by fire ; that on the 30th day of May, 1884," (within five years of the institution of suit) "said board of directors being legally in session, and the fact that the original warrants had been destroyed being made known to said board, it was by the proper ordinance of said board ordered that duplicates of said original warrants be issued to take the place of the original warrants as duplicates.  That in pursuance of said ordinance, warrants were issued in favor of said plaintiff, dated on the 4th day of July,1882, with the word 'duplicate' written across the face of each one in red ink."

There is no bill of exceptions, and the only question is, does judgment for the plaintiff follow as a conclusion of law from the facts found?  *Smith v. Hollis, 46 Ark., 17.*

We take the finding of the court as embodying the true interpretation of the resolution of the board of school directors, and look to it, together with the indorsement upon the warrants, for the explanation of what the board intended in reissuing them.  The inference cannot be fairly drawn therefrom that it was the intention of the board to enter into an independent contract by way of renewal of the old debt.  Such a presumption is repelled by the terms of the resolution authorizing and explaining the existence of the new issue of warrants, when it is declared that they shall take the place of the lost originals as duplicates thereof, as well as by the date, and indorsement of "duplicate" upon the face of each warrant.  The meaning is that the new issue of warrants should stand as the evidence of the debt due the payee, just as if issued at the same

time and with the like effect as the old ones; for a duplicate has no effect other than that imported by the original. A duplicate is essentially the same as the original in its essence and operation.

In *Benton v. Martin, 40 N. Y., 345*, it was ruled that the proper construction of the word "duplicate," written upon a draft which had been issued as a substitute for a lost one of similar import, was that it was made only to take the place of the lost original, and therefore created no new liability. The plaintiff in that case having been guilty of laches in not presenting the original, was not permitted to recover upon the duplicate.

1. STATUTE OF LIMI- TATIONS: Acknowl- edgment: New prom- ise.     If a debtor stipulate in writing that a demand made upon him is just; that he will take no advantage of the fact that the evidence of the debt is lost, and as further assurance, acknowledges that it was represented by his note of a given date and amount, but gives his creditor to understand that he will stand upon his legal rights, whatever they may be—that would not fix a new period for the statute to start from, because the acknowledgment is narrowed by a qualification which rebuts the inference of an unconditional promise to pay. The legal effect of what the directors did in this case is no more than the hypothesis stated.

Moreover, when a new promise or an acknowledgment from which a promise is implied, is made, the new promise, and not the old debt, is the measure of the debtor's liability. *Shepard v. Thompson, 122 U. S., 239.* If, therefore, the new issue of warrants was an acknowledgment of the old debt, the express condition attached to it was that the liability should be just what the new promise itself imported—that is, that the debtor should be bound according to the legal import of the promise, and not otherwise.

The right to recover upon the duplicate warrants would therefore be barred.

The case of *Paul v. Smith, 32 N. J. Law Rep., 13*, is in point, and sustains the conclusion we have reached.

The action was upon a promissory note made in 1861, but antedated five years. Six years was the period of limitation; when suit was instituted, more than that time had elapsed from the date the note bore, but not that much from the actual date of execution. The maker of the note had declined to make a general acknowledgment of the old debt, which was evidenced by note and was about to be outlawed, but agreed to give the note in question, which the creditors accepted, surrendering the old note which would have been barred earlier than the one given in lieu of it. We quote the major part of the opinion. "A note may be ante-dated or post-dated, and in both cases is valid, if no statute exists to the contrary; and where the purposes of justice require it, the real date may be inquired into, and effect given to the instrument. *Story on Promissory Notes, sec. 48.* The note in question was due immediately after its delivery. It was not antedated by mistake or for any unlawful purpose, but to carry into effect the object of the parties. To alter the date, or to give it a legal effect different from that expressed on its face, is not required for the purposes of justice, but would be to make a new bargain for the parties, and thus to do injustice. The consideration was the debt originally due and the substance of the transaction disclosed by the evidence was that, by giving a new note, dated about a year later than that originally made, the defendant promised to pay the debt, and remains liable to an action six years from the time the new note becomes due, but not longer.

The case thus comes within the established rule that the acknowledgment of a debt, if accompanied by a promise to pay conditionally, is of no avail, unless the condition to which the promise is subjected by the defendant is complied with or the event has happened upon which the promise depends." See, too, *Sumner v. Sumner, 1 Met. (Mass.), 394.*

2. SAME.     Conceding, without deciding, that the board of·school di-
rectors had the authority to enter into a contract waiving the·
operation of the statute, we conclude that the court erred in
holding they had done so.

Reverse the judgment and enter judgment here for the de-
fendant upon the special finding.