## School District v. Reeve.

## Opinion delivered April 9, 1892.

1. *School warrants—Time of presentment.*

   The provision contained in section 6255, Mansf. Dig., that school warrants shall be void unless presented to the treasurer within sixty days, has been repealed by Acts 1885, p. 107.

2. *Liability of school district.*

   Where a county treasurer refuses on presentment to pay a school warrant drawn on him, the school district issuing it becomes liable to an action to enforce its collection.

3. *Possession of draft as evidence of title.*

   Possession of a warrant payable to the order of another than the plaintiff is not sufficient evidence of title in the latter.

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

D. Reeve sued School District No. 7 of Pulaski county, before a justice of the peace, upon several school warrants. Judgment was for plaintiff, and an appeal was taken to the circuit court.

The warrants were similar to the following :

No. 10, $40.00.

> DISTRICT SCHOOL FUND, DISTRICT No. 7.
>
> WAMPOO, ARK., Sept. 22, 1888.
>
> Treasurer of Pulaski County, Arkansas :
>
> Pay to James J. Manuel, or order, the sum of Forty Dollars, for teaching in August and September, 1888, out of the general fund.
>
> D. F. ROSE, Secretary,
>
> S. S. DESHA, President,
>
> Directors.

It does not appear that the warrants were endorsed or assigned to plaintiff.

The cause was tried before the court sitting as a jury, upon the following agreed statement of facts :

"It is hereby agreed between plaintiff and defendant in this case that the warrants sued on herein were duly presented to the treasurer for payment, but that such presentation was not made within sixty days after the date of their issue. That this case be submitted to the court sitting as a jury for a trial thereof on the face of said warrants and this agreement of facts, this December 30, 1890."

Judgment was rendered for plaintiff. Defendant has appealed.

*Blackwood & Williams* for appellant.

1. The warrants were void, not having been presented to the county treasurer within sixty days after their issue. Mansf. Dig., secs. 6221, 6222, 6255, 6256.

2. But if valid under Acts 1885, p. 107, plaintiff's remedy was against the county treasurer. The directors had done all in their power and their whole duty. Mandamus against the treasurer was the remedy. 33 Ark. 81 ; 25 *id*. 263 ; 39 Cal. 270 ; 51 Mich. 184 ; Mansf. Dig. sec. 4569 ; 33 Ark. 451.

3. The warrants were payable to *order*, and the record shows no transfer nor assignment, or right in plaintiff to sue.

HEMINGWAY, J. · The court's refusal to make three several declarations of law, at the request of the defendant, presents the different questions in this case. The declarations refused were as follows :

"1. That, said warrants not having been presented to the treasurer within sixty days from their issue, they are null and void, and judgment should be for defendant.

"2. That the directors, having issued the warrants, had complied with the full requirements of the law, and if the same are valid now or were at the time of the institution of this suit, the county treasurer should have

paid them, and, not having done so, plaintiff should have pursued his appropriate remedy against the county treasurer to compel that officer to pay said warrants, and judgment in this action should be for defendants.

"3. That plaintiff is not entitled to judgment on said warrants in this action against the school district, and judgment should be for defendants."

1. In section 6255 of Mansfield's Digest was a provision, among others, that school warrants should be void unless presented for payment to the treasurer within sixty days ; but this section was amended in 1885 by re-enacting its other provisions and omitting the one referred to. Acts 1885, p. 107. The manifest design of the amendment was to abrogate the rule avoiding warrants not thus presented, and we think the court properly refused to make the first declaration.

2. School districts are bodies corporate, and the statute provides that they may make contracts and sue and be sued. It imposes no restrictions upon their liability to be sued, and we conclude that it was intended that they, like other persons, might be sued whenever they made default in discharging their obligations. In other States it has been held that similar bodies were liable to suit upon similar warrants, at least after demand. *Varner* v. *Nobleborough*, 2 Greenl. 126 ; Tied. Com. Pap., sec. 140 and cases. If a different rule ·is maintained by any court, the fact has not been called to our attention. If the treasurer refuses to pay such warrants when he has in his hands money that ought to be paid on them, mandamus against him may be invoked, but that does not prove that the holder may not resort to other remedies. We have ruled that the statute of limitations ran against school warrants as well as county warrants. *School District* v. *Cromer*, 52 Ark. 454 ; *Crudup* v. *Ramsey*, 54 Ark. 168. As this statute operates only where there is a right to sue, it follows from the decisions that a suit

1. School
warrants need
not be present-
ed within six-
ty days.

2. Liability
of school dis-
trict to suits.

may be maintained on unpaid school or county warrants. The fact that the suit imposes a burden of costs upon the school district and does not advance the collection of plaintiff's claim is an argument for the change of the statute ; but as it plainly provides that school districts may contract and be sued upon their contracts, without restricting the liability to suit, relief against burdensome and fruitless suits must come from a change in the law. We are of opinion that the second declaration was not the law.

3. It is contended that the third declaration is proper, for the reason that when a plaintiff, who is not the original payee, sues to recover upon unendorsed paper payable to order, he can succeed only upon proof that he acquired it from the payee by a *bona fide* transfer and delivery. At the common law a recovery could be had only upon a legal title derived by endorsement ; but a more liberal practice now prevails, under which the real owner may recover, although his right is not evidenced by endorsement. *Heartman* v. *Franks*, 36 Ark. 501. But neither at the common law nor under the reformed practice can a party recover without establishing his title to the paper. Where endorsements show title in the plaintiffs, they are sufficient proof of that fact ; but where there is no endorsement, or, there being one, it passes title to another than the plaintiff, it becomes necessary to establish ownership by proof *dehors* the paper. The record in this case contains no evidence of title in the plaintiff, except such as may be implied from his possession of warrants that upon their face show title in another. Is the fact of possession sufficient proof of plaintiff's title to overcome the proof contained upon the face of the warrants ? Where paper is payable to bearer or has been endorsed in blank by the payee, possession is held to be proof of title ; but where it is payable to order, and is not endorsed by the payee, or the endorse-

3. When possession of draft no evidence of title.

ment passes title to another person than the plaintiff, it is held that possession is not sufficient proof of title. 2 Randolph, Com. Paper, sec. 792; Edw. on Bills, p. 684; *Crisman* v. *Swisher*, 28 N. J. L. 149; *Van Eman* v. *Stanchfield*, 10 Minn. 225; *Redmond* v. *Stansbury*, 24 Mich. 445; *Hull* v. *Conover's Executors*, 35 Ind. 372; *Ross* v. *Smith*, 19 Tex. 171.

The law as stated is not changed by section 477 of Mansfield's Digest, which provides that the assignee of any instrument made assignable by law shall not be required to prove the assignment unless the defendant shall annex to his answer an affidavit denying such assignment and alleging that he verily believes that one or more of assignments on the instrument was forged. The language of this section clearly indicates that it was intended to apply only to assignments in writing.

It may be conceded that the filing of the warrants and causing summons to issue was a sufficient allegation of ownership to admit the proof of it; but proof would be required unless the fact was admitted. There was no written pleading on part of the defendant, either in the justice's court or in the circuit court, and no record entry disclosing the defense interposed. It is shown that the defendants appeared, and that a trial was had, and this implies that issues were tendered; whether they went to plaintiff's title to the warrants or were directed to other matters, we have no means of knowing. The third declaration asked by defendant is broad enough to cover this issue, and may have been designed to do it. We can not say therefore that the issue was not made, or that the fact was admitted.

As the defense was oral, the justice should have entered its substance upon his docket. Mansf. Dig., sec. 4050. But the defendant should not be prejudiced by his failure to do it. As it appears that an issue was joined, and we have no means of ascertaining what it was,

we can not hold that any fact necessary to make out plaintiff's case was admitted ; and as there was no proof of plaintiff's title to the warrants, the third declaration should have been given.   The error of refusing it was repeated in overruling the motion for a new trial, and rendering judgment upon a finding not supported by the evidence.

Reversed and remanded.