RED RIVER VALLEY INVESTMENT COMPANY v. WILLIAM H. COLE and Others.[1]

Nov. 20, 1895.

Nos. 9307—(124).

**Action by Indorsee of Note—Pleading Transfer—Failure to Object**

The indorsee of a promissory note payable to order brought an action on it against the maker, and alleged in his complaint that the note was "sold, assigned, and delivered" to him, but did not allege that it was "indorsed" to him. *Held,* on the trial the indorsement was admissible under the pleadings to prove a transfer of the note to him, but whether it was admissible for the purpose of giving plaintiff the rights of a bona fide indorsee for value before maturity as against defenses available as against the payee, quære. But *held,* if it was not admissible for that purpose, defendant waived the objection by failing to object to those parts of the charge in which the judge charged that plaintiff had the rights of such a bona fide indorsee.

Appeal by defendants from an order of the district court for Otter Tail county, Baxter, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $694.28.    Affirmed.

*Mason & Hilton* and *E. E. Corliss,* for appellants.

*John E. Greene, Houpt & Baxter,* and *George E. Perley,* for respondent.

CANTY, J.    Plaintiff brought this action on two negotiable promissory notes made by defendants to the order of Sawyer & Wilkins, who, it is alleged in the complaint, "sold, assigned, transferred, and

[1] Reported in 64 N. W. 1149.

delivered" the notes for a valuable consideration, before maturity, to plaintiff, but it does not allege that the notes were "indorsed" to plaintiff. Defendants, in their answer, admitted the making of the notes, denied the transfer of the same to plaintiff, and set up certain facts which they claim would constitute a good defense to the notes as between them and Sawyer & Wilkins. On the trial plaintiff produced the notes with the indorsements of Sawyer & Wilkins thereon, and offered them in evidence. Defendants objected, "not to the notes, but to the indorsements upon the back" of the same, on the ground that such indorsements were not admissible under the pleadings. The objection was overruled, and they excepted. Thereupon plaintiff moved for leave to amend the complaint by inserting therein among the words above quoted the word "indorsed," but the motion was denied by the court. At the close of the trial the judge charged the jury that if the plaintiff "bought these notes in good faith, paid his money for them, and that the transaction was entirely free from any fraudulent purpose, your verdict ought to be for plaintiff," and that, "in order to find a verdict for the defendants, you would have to be satisfied—First, of fraud in the inception of the notes; and, second, knowledge of this fraud in the purchase of the notes by the plaintiff." No exception was taken to the charge. The jury returned a verdict for plaintiff for the amount claimed, and from an order denying their motion for a new trial, defendants appeal.

It is urged by appellants that it was error to receive the indorsements of the notes in evidence. No such indorsements were pleaded, and it is contended that under the pleadings the plaintiff could not claim the protection of a bona fide indorsee for value before maturity as against their defense to the notes. Conceding, without deciding, that this is true, it does not follow that the indorsements were not admissible for the purpose merely of proving a transfer of the notes to plaintiff as alleged in the complaint. The possession by a third party of a negotiable promissory note payable to order, but not indorsed by the payee, is not evidence of ownership by such third party. Van Eman v. Stanchfield, 13 Minn. 70 (75). Then, instead of proving such a transfer by oral evidence, plaintiff could prove it by the indorsements of the payee on the notes. So that for this purpose at least the indorsements were admissible in evidence under the pleadings. Whether, under the pleadings, plaintiff could, by these indorse-

ments, invoke protection from the defense offered, is another question. The indorsements were properly in evidence for the one purpose, and, if defendants desired to object to their use for the other purpose, they should have objected to that part of the charge above quoted, which they wholly failed to do. For the want of such an exception, the question cannot be raised in this court.

Order affirmed.