Argued July 3, decided July 22, 1913.

# WITT *v.* CAMPBELL–LAKIN SEGAR CO.*

### (134 Pac. 316.)

**Appeal and Error—Evidence Admitted to Make Record—Effect.**

1. In a cause tried without a jury, where the trial judge, after hearing part of the evidence, announced that he would not hear or consider other evidence but allowed the testimony to be taken to make a record for the Supreme Court, the testimony admitted for such purpose should be treated as though it had been offered and rejected.

**Appeal and Error—Review—Disregarding Findings.**

2. Where the bill of exceptions shows that findings for the plaintiff were made upon a part only of the evidence, and that evidence offered by defendant was rejected, the reviewing court, if of the opinion that such offered evidence was admissible, was at liberty to disregard the findings.

**Trial—Reception of Evidence—Documents—Notes—Indorsement.**

3. Indorsements are no part of a note, and the introduction of a note in evidence does not carry with it the indorsements.

**Bills and Notes—Transfer Without Indorsement—Rights of Transferee.**

4. When a note is payable to order, the indorsement of the payee is necessary to transfer the legal title, and the transferee without indorsement takes it as a mere chose in action, subject to all equities that attached to it in the hands of the transferrer, and must aver and prove the consideration.

**Bills and Notes—Action—Sufficiency of Evidence—Ownership.**

5. Where there is no proof of the genuineness of the indorsement of a note payable to "order," proof of the mere possession of the note is not sufficient to support a claim of ownership.

**Trial—Trial by Court—Objection to Evidence—Findings.**

6. Where the trial judge, after hearing part of the evidence, stated that he would not hear or consider other evidence, and found for plaintiff, but permitted the taking of offered evidence to make a record, such offered evidence was as much excluded as though it had never been received, and defendant was not required to present findings to the court embodying its view of the evidence and to have them passed upon.

**Sales—Action for Price—Sufficiency of Evidence—Conditions of Payment.**

7. Evidence in an action upon a note given by defendant for the price of a shipment of cigars, made in pursuance of a contract giving

---

*As to the right of a transferee, without indorsement, of bill or note payable or indorsed to order of transferrer, to protection as a *bona fide* purchaser, see note in 17 L. R. A. (N. S.) 1105. REPORTER.

defendant the right to return them if not satisfactory, *held* to show that the agreement for return was not waived by the giving of the note, but that the matter of return was to be held in abeyance at the request of plaintiff's agent, subject to further efforts on the part of defendant to dispose of them.

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. CHIEF JUSTICE McBRIDE.

This is an appeal from the judgment of the Circuit Court of Multnomah County given in an action at law by C. B. Witt against the Campbell-Lakin Segar Co., a corporation, to recover upon a promissory note, which note was given by defendant for the price of a shipment of cigars made in pursuance of a contract which appears in full in the opinion. The president of the defendant was called and admitted the execution of the note, which was then offered and received in evidence. The note had upon it an indorsement in blank, purporting to have been made by the El Nacional Cigar Company, by C. B. Witt, president, one by the Citizens' Bank & Trust Company, of Tampa, Florida, and one by the National Bank of Kentucky. There was no testimony tending to show the genuineness of the indorsements, and they were not offered in evidence. The answer denied that plaintiff was the owner and holder in good faith and in due course of the note sued upon, and that it had been indorsed to him in good faith and before maturity. The principal defense to the note was that certain cigars furnished by the El Nacional Cigar Company were unsatisfactory; that defendant had returned them as provided in the written contract; and that the value of the cigars so returned was counterclaimed against the amount due on the note. The plaintiff, after introducing the note in evidence, asked witness Campbell the following questions:

"Q. And this note was given, then, in full satisfaction and accord in your dealings with them between February and November, 1910 and 1911?

"A. Yes, sir.

"Q. Was it given in full settlement of all your differences up to this date?

"A. Yes, sir. Well, I think there was something that came up later on.

"Q. $140?

"A. Yes, sir."

The witness was then called on behalf of defendant and testified at length as to the attempts made by his company to introduce the cigars in the market. He testified that it was the custom of his company, at the request of the El Nacional Cigar Company, to give its promissory note for each shipment, the reason given by the agent of the company for requesting this being that the company wished to use the notes as collateral in their business; that, when the note in suit was given, witness proposed to the agent of the El Nacional Cigar Company to return the cigars on hand, but the agent requested him to make further trial of them before returning them. Several witnesses testified to facts tending to support defendant's contention; the testimony being too voluminous to be here recited. The cause was tried without a jury and the judge, after hearing a part of the evidence, announced that he would not hear nor consider other evidence submitted as it would not weigh in his mind against other written evidence already received. He, however, allowed the testimony to be taken, as he then stated, for the purpose of making a record for the Supreme Court. There were findings for the plaintiff, and defendant appeals.

REVERSED.

For appellant there was a brief over the names of *Veazie & Veazie* and *Mr. John McCourt,* with an oral argument by *Mr. McCourt.*

For respondent there was a brief over the name of *Malarkey, Seabrook & Stott,* with an oral argument by *Mr. Ephraim B. Seabrook.*

Opinion by Mr. Chief Justice McBride.

1. The testimony admitted for the purpose of making a record for the Supreme Court should be treated as though it had been offered and rejected.

2. In the view that the court took of the law, it is difficult to see how the defendant has been prejudiced by the statement of the judge that he would not hear nor consider the evidence. In fact, the defendant stands in a better position upon appeal than it would had the judge made no statement of his views as to the evidence offered. Had he, after hearing all of the evidence, made the same findings that are here presented in the record, they would probably have been conclusive against defendant, and it would have been remediless upon appeal. As it is, the bill of exceptions shows that the findings were made upon a portion only of the testimony, and that the testimony offered by the defense was rejected. If this testimony was admissible, and we are of the opinion that it was, we are at liberty to disregard the findings. Witt, the plaintiff, was president of the El Nacional Cigar Company and naturally, as well as by legal presumption, must have had knowledge and notice of its dealings with its customers, including the contract with the defendant. This contract was in writing and is as follows:

"The El Nacional Cigar Co., Tampa, Florida, by their representative and vice-president, Mr. Wm. Lineaweaver, hereby agree that Mr. Lineaweaver or some cigar salesman satisfactory to the Campbell-Lakin Segar Co., will devote such time as is necessary to assist the Campbell-Lakin Segar Co. in placing and popularizing the Fama Nacional Cigar in the territory

covered by the Campbell-Lakin Segar Co. They also guarantee that the quality of this cigar shall be at all times manufactured from the highest grade Havana tobacco obtainable, fully equal to the samples shown. If this cigar should deteriorate in quality or workmanship or prove unsatisfactory in any manner to the Campbell-Lakin Segar Co., the said El Nacional Cigar Co. agrees to take back all sizes and any amount of the Fama Nacional Cigars that the Campbell-Lakin Segar Co. may have on hand and reimburse them for all goods paid for as well as freight. The Fama Nacional brand of cigars to be controlled by the Campbell-Lakin Segar Co., exclusively for the state of Oregon and the state of Washington, east of the Cascade mountains and south and west of Tacoma, including Olympia and Grays Harbor towns, and to have control of this brand so long as their business on it amounts to $2,500 annually. Terms on all goods at $70 per 1,000 to be 2 per cent, and over $70 to be 5 per cent., 90 days.

"El Nacional Cigar Co.,
"By Wm. Lineaweaver,
"Vice-Pres."

3. The contract calls attention to the fact that there was no proof of the genuineness of the indorsements. Such indorsements are no part of the note, and the introduction of the note in evidence did not carry with it the indorsements: *Ayre* v. *Hixon,* 53 Or. 19 (98 Pac. 515, 133 Am. St. Rep. 819). For the purposes of this appeal, therefore, the note must be treated as though no indorsement had been made thereon.

4. "When the instrument is made payable to 'order,' the indorsement of the payee is necessary to transfer the legal title; and the transferee, without indorsement, takes it as a mere chose in action and must aver and prove the consideration. And he takes it subject to all equities that attached to it in the hands of his transferrer": 1 Daniel, Neg. Inst. (2 ed.), § 664; Selover, Neg. Inst., § 123.

5. Where there is no proof of the genuineness of the alleged indorsements of a note made payable to order, proof of the mere possession of the note is not sufficient to support the claim of ownership: *Van Eman v. Stanchfield et al.,* 10 Minn. 255 (Gil. 197); *Redmond v. Stansbury,* 24 Mich. 445; *Hull* v. *Conover's Exr.,* 35 Ind. 372.

6. The plaintiff insists that defendant is without remedy here because it failed to present findings to the court embodying its views of the evidence and to have them passed upon. This is no doubt the rule where the whole evidence is received by the court; but in the case at bar the court refused, so far as it was concerned, to consider the defendant's evidence, and the presiding judge, who is always willing to give a defeated party a fair chance to be heard upon appeal, incorporated that refusal in the bill of exceptions and stated, in effect, that the whole purpose of its admission was to allow the defendant to make a record for this court. So far as the Circuit Court was concerned, the testimony was just as thoroughly excluded as though it had never been received.

7. The testimony offered tended to show that, pursuant to the written contract, defendant had from time to time purchased from plaintiff large quantities of cigars and had tried faithfully and without effect to get them upon the market; that it had complained to Lineaweaver, plaintiff's vice-president and agent, who from time to time had promised to assist them in building up a market, but had in fact done little or nothing to that end; that the goods were unsatisfactory. It also tended to show that when goods were shipped and received the defendant gave its notes for the shipments, which notes, except the one in suit, were paid from time to time as they fell due. The giving of these notes did not supersede in any way the original agree-

ment. If defendant had paid cash for each shipment, it would still have had the right to return the goods if they proved unsatisfactory. It is true that, if it had been understood between the parties that the giving of the note in suit was to be a final settlement of all controversies and accounts between them, then defendant could not thereafter have claimed the right to return the goods. The answers of witness Lakin to the questions put to him on plaintiff's direct· examination would seem to indicate that such was the intent, but his further testimony indicates that by the answers to plaintiff's questions he meant only to imply that he intended by giving the note in suit to liquidate the claim of the El Nacional Cigar Company for its cigars and to put it into the same form that he had been accustomed to do theretofore, and that a settlement of the controversy as to unsalable cigars was not in the minds of the parties. It appears from the testimony of this witness that, when the note in suit was given, plaintiff's agent, Lineaweaver, was informed that the cigars were in part defective and wormy, and that they did not give satisfaction to the trade; and Lineaweaver asked for an extension of time so that defendant might work them off and obviate the necessity for plaintiff's taking them back.

There is no contradiction of the note by oral testimony in this case. The agreement to take back the cigars if they proved unsatisfactory was in writing and of equal dignity with the note and, as we have before remarked, would not have been waived by defendant's paying the cash for them, much less would it have been waived by the giving of a promissory note, unless it had been understood that such was to be the effect of the note. Taking into consideration the whole testimony offered by defendant and rejected by the court, there is much to indicate that no such waiver was in-

tended; and, in the absence of contradictory evidence, it would seem sufficient to establish the fact that the question of the return of the unsatisfactory goods was to be held in abeyance at the request of plaintiff's agent, subject to further efforts on the part of defendant to find a market for them. To give final judgment here might prevent plaintiff from proving the genuineness of the indorsements and otherwise deprive him of a right to be heard upon the merits.

The judgment will therefore be reversed and a new trial ordered.                              REVERSED.

MR. JUSTICE BEAN, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.