Argued July 25, affirmed October 1, 1918.

## SHEPPERD *v.* HOLMES.

(174 Pac. 530.)

**Appeal and Error—Equitable Proceedings—Remand.**

1. Where the proceeding is equitable, and the testimony has all been taken, and is before the court on appeal for trial *de novo*, the cause will not be remanded for new trial.

**Execution—Sales for Inadequate Consideration—Setting Aside Sheriff's Deed.**

2. In suit to set aside sheriff's deed issued to purchaser at execution sale and permit judgment debtors to redeem, facts *held* to justify decree for plaintiffs, there having been no serious attempt to levy upon personalty before resorting to land which, though worth $4,000, was sold for $262.75.

[As to inadequacy of price as ground for setting aside judicial sale, see note in Ann. Cas. 1914D, 3.]

From Multnomah: HENRY E. MCGINN, Judge.

Department 2.

This is a suit to set aside a sheriff's deed, and permit the judgment debtors to redeem. It appears from the pleadings and the evidence that on November 1, 1911, the plaintiff J. H. Shepperd was indebted to the defendant Holmes, and to secure the payment of the debt executed three promissory notes, in which his father, the plaintiff George Shepperd joined. Two of

these notes were for the sum of $90 each, and the third was for the sum of $82.45. Payments were made thereafter, which reduced the amount due upon the notes to $178.40, for which amount, together with interest and costs, a judgment by default was obtained by Holmes, in the Justice's Court, on September 14, 1912, and thereafter this judgment was docketed in the Circuit Court, and on August 7, 1913, an execution was issued thereon, and on September 8, 1913, the real estate in controversy, being the property of the plaintiff George Shepperd, was sold by the sheriff for the sum of $262.75, the amount then due, including the expenses of the sale, and the judgment satisfied. A sheriff's deed was executed to Holmes as the purchaser on September 21, 1915. The further facts are stated in the opinion. The trial court entered a decree for plaintiffs and defendants appeal.    AFFIRMED.

For appellants there was a brief over the names of *Mr. Henry D. Story, Mr. John Ditchburn* and *Messrs. Woodward & Orth,* with oral arguments by *Mr. Story* and *Mr. Ditchburn.*

For respondents there was a brief over the names of *Mr. Estes Snedecor* and *Mr. Trafton M. Dye,* with an oral argument by *Mr. Snedecor.*

BENSON, J.—1. At the outset, defendants complain very bitterly of the action of the trial court in declining to hear the testimony submitted by them. The record discloses that after a portion of the plaintiffs' evidence had been introduced, the trial judge announced that in his opinion, the real estate had been sold at so small a percentage of its market value as to render the transaction unconscionable, and that in any event he would enter a decree setting aside the deed and permitting

plaintiffs to redeem. He then suggested that they might proceed with the taking of testimony before the official court reporter, and thus make up a record, while he should proceed to a consideration of other matters. This was done, and a complete record is now before us. Defendants call our attention to the case of *Witt* v. *Campbell-Lakin Segar Co.*, 66 Or. 144 (134 Pac. 316), and contend that upon the doctrine there announced, we should remand the cause for a new trial. There is, however, a marked difference between the present case and the one cited. That was an action at law, while this is an equitable proceeding. The testimony was all taken and is now before us for a *de novo* trial. No good purpose would be served by sending it back to have the same work all done over.

2. Considering the case upon its merits, then, the evidence discloses that no serious attempt was ever made to levy upon the personal property of the debtors, although the judgment creditor unquestionably knew that the debtors had sufficient personal property to satisfy the judgment. It appears from the testimony of the deputy sheriff that all directions of the parties in regard to levies upon execution are kept on file in the sheriff's office and that a written instruction from the defendants herein to levy upon the real estate therein described, is the only record now in that office, a certified copy of which is in evidence. Defendant Orth testifies that he did ask for a levy upon personal property, and that the sheriff informed him that it was not the custom of his office to search for assets of that nature, and that if the applicant desired such a levy he must point out the property to be seized, and he thereafter directed the levy upon the real estate, without making any effort to locate any chattels. George Shepperd, the owner of the land so sold, did not dis-

cover the fact of the sale until he read in the daily papers of the execution of the sheriff's deed. It is quite clearly established that at the time of the sale the land was worth $4,000. It also develops that after the sale, the defendant Orth, acting as attorney for Holmes, continued to press the younger plaintiff for payments on the judgment, explaining to him that Holmes had a lien upon the father's land, which could be guarded against by paying the judgment and costs with 6 per cent interest; that J. H. Shepperd, in an effort to accomplish this, took some choses in action to Orth, and asked him to collect them and apply the proceeds thereof to the payment of the judgment. Orth accepted the employment, made some collections thereon, and notified Shepperd that after deducting his charges for collection, the remainder had been applied as directed, but said nothing about "redemption," a phase of the law in relation to which Shepperd was totally ignorant. On August 10, 1914, J. H. Shepperd paid $25 to Holmes in person, whose receipt specified that the payment was "to apply on old notes." These payments aggregated a little more than $100, and before bringing this suit plaintiffs tendered to the attorney for Holmes the balance due on the judgment and insisted that they be permitted to redeem. This request being refused, this litigation followed.

The state of facts above set out clearly justifies the decree of the lower court: *Schroeder* v. *Young,* 161 U. S. 334 (40 L. Ed. 72, 16 Sup. Ct. Rep. 512); *Arnold* v. *Ness,* 212 Fed. 290; *Graffam* v. *Burgess,* 117 U. S. 180 (29 L. Ed. 839, 6 Sup. Ct. Rep. 686).

The decree is affirmed.                    AFFIRMED.

McBRIDE, C. J., BEAN and JOHNS, JJ., concur.