12835

FEDERAL INTERMEDIATE CREDIT BANK v. CAROLINA PETROLEUM CO. *ET AL.*

(153 S. E., 788)

*Messrs. Randolph Murdaugh* and *D. W. Robinson,* for appellant,

*Messrs. Howell & Fishburne,* for respondents,

February 12, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

Action on a note. The complaint alleges that the defendant, Carolina Petroleum Company, executed and delivered to the Beaufort Bank its promissory note dated March 3, 1926, payable to the order of that bank, for $1,200, due 60 days after date thereof, with interest after maturity at the rate of 8 per cent. per annum, 10 per cent. attorney's fees, and the costs of collection; that the defendant Christensen indorsed the note before its delivery; and that the plaintiff "is now the owner and holder of said note, having heretofore acquired same for value."

The defendants, by their answer, admit the execution by the Carolina Petroleum Company, the indorsement by Christensen, and the delivery to the Beaufort Bank of a note for $1.200 dated March 3, 1926, but allege that they have no exact knowledge and recollection of the terms, provisions,

and conditions thereof, the note not being in their possession, and therefore deny the allegations of the complaint as to execution and delivery, and specifically deny that the plaintiff is the owner and holder of the note.

When the case was called for trial, plaintiff's counsel produced and offered in evidence a note, conforming to the allegations of the complaint, signed by the defendant company, and indorsed by the defendant Christensen, but not indorsed by the payee, the Beaufort Bank. Defendants' counsel objected to the introduction of the note in evidence on the ground that there had been no proof of its execution or indorsement by the defendants, or of its assignment or delivery by the Beaufort Bank to the plaintiff, and no testimony that the plaintiff was the owner and holder of the note by assignment or otherwise. After argument by counsel, the trial Judge excluded the note. On inquiry by the Court, plaintiff's counsel stated that he had no further testimony, whereupon a nonsuit was ordered.

Plaintiff appeals upon exceptions imputing error to the trial Court in refusing to admit the note in evidence and in granting the nonsuit.

Appellant's position is that it is the owner and holder of the note in question, that its possession thereof is *prima facie* evidence of its ownership, and that, by producing and offering in evidence the note, it made out a *prima facie* case, subject, of course, to rebuttal by the defendants. In support of this position it cites certain provisions of the Negotiable Instruments Act (Sections 3678, 3702, and 3710 of the 1922 Code), as follows:

3678: "Where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien."

3702: "The holder of a negotiable instrument may sue thereon in his own name, and payment to him in due course discharges the instrument."

3710: "Every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. But the last-mentioned rule does not apply in favor of a party who become bound on the instrument prior to the acquisition of such defective title."

The trouble with appellant's position, insofar as it depends upon the Negotiable Instruments Act, is that it does not take into account the following pertinent definitions found in that law (Section 3842):

" 'Holder' means the payee or endorsee of a bill or note, who is in possession of it, or the bearer thereof."

" 'Bearer' means the person in possession of a bill or note which is payable to bearer."

" 'Endorsement' means an endorsement completed by delivery."

The appellant, not being the indorsee of the note sued on in this case, obviously is not the "holder" thereof, and cannot claim the rights accorded to a "holder" under the Negotiable Instruments Act. It is a mere possessor of the note, and its rights must be determined accordingly.

Coming then to this question, appellant's contention apparently is that, in an action by one in possession of a promissory note against the maker thereof, execution not being denied, possession of the note constitutes *prima facie* evidence of ownership, and the note is admissible in evidence, when produced by the plaintiff, to show such ownership. The respondents, while admitting that this is undoubtedly the rule where the note is payable to order of the payee and indorsed in blank by him—and, we interpolate, where the note is payable to bearer or the plaintiff is the payee or special indorsee—contend that, where a note is payable to order of the payee, but not indorsed by him, mere possession

by one other than the payee is not evidence of ownership in the possessor, and that the note is not admissible in evidence without testimony tending to show such ownership.

We agree with appellant that the answer in this case, ■ in effect, admits the execution and indorsement of the note by the defendants (*Guaranty Trust Co. v. Kibler,* 105 S. C., 513, 90 S. E., 159) ; but it does not necessarily follow that the note was admissible as evidence of ownership. As we see the matter, the question of admissibility here is dependent upon the determination of the question as to presumption of ownership from possession of the note, for we can see no reason for admitting a note for the purpose of showing possession as evidence of ownership, if in fact the possession constitutes no such evidence.

We find nothing in the Negotiable Instruments Act ■■ creating a presumption of ownership in the possessor of a note payable to order but not indorsed by the payee. The cases on this point are not in harmony, but reason, as perhaps the weight of authority, supports the view that mere possession by a stranger of a note payable to order of the payee (or special indorsee), but not indorsed by him, is no evidence of ownership, but the one in possession must prove his ownership by evidence dehors the note. As the effect of an indorsement in blank by the payee of a note payable to his order is to make the title transferable by delivery of the note, so the absence of such indorsement on such a note, nothing further appearing, indicates that ownership is still in the payee. And in fact it has been said that the possession of a note payable to order, but not indorsed by the payee, not only is no evidence whatever of title, but rather is a suspicious circumstance which needs full explanation from the one in possession.

In *School District v. Reeve,* 56 Ark., 68, 19 S. W., 106, 107, the Court said: "Where indorsements show title in the plaintiffs, they are sufficient proof of that fact; but where there is no indorsement, or, there being one, it passes title

to another than the plaintiff, it becomes necessary to establish ownership by proof dehors the paper. The record in this case contains no evidence of title in the plaintiff, except such as may be implied from his possession of warrants that upon their face show title in another. Is the fact of possession sufficient proof of plaintiff's title to overcome the proof contained upon the face of the warrants? Where paper is payable to bearer, or has been indorsed in blank by the payee, possession is held to be proof of title; but where it is payable to order, and is not indorsed by the payee, or the indorsement passes title to another person than the plaintiff, it is held that possession is not sufficient proof of title."

In *Andrews v. Powers,* 35 Wis., 644, we find: "But it is claimed on behalf of the plaintiff, that her possession of the note and mortgage is *prima facie* evidence that she owns them, and that it is not essential to a recovery thereon that she prove an assignment thereof by the payee and mortgagee. We do not so understand the law. The note is payable to the railroad company or order, and is not indorsed. The law is, that no party, other than the payee, can recover upon the note, or obtain a judgment of foreclosure upon the mortgage, without averring and proving a transfer thereof, in some form, to himself."

In *Redmond v. Stansbury,* 24 Mich., 445, the Court said that something more is required than mere possession in one who appears to hold a note under a derivative title.

In *Dorn v. Parsons,* 56 Mo., 601, the Court, speaking of an unindorsed note in possession of a third party, said: "There was no proof at all of ownership. The possession of a note payable to bearer, or indorsed in blank, would be *prima facie* evidence of ownership. But the possession of such a note as this is no evidence at all of ownership."

In *Swanby v. Bank,* 150 Wis., 572, 137 N. W., 763, 764, the following appears: "The notes were negotiable, payable to the order of Swanby and had never been (so far as the evidence shows) indorsed, assigned, or transferred either by

writing or by parol to the bank or any third person. In the absence of other evidence, this proves ownership in Swanby. The possession of the bank was under no agreement of any kind with the payee. Mere naked possession of negotiable paper payable to order does not prove title."

In *Shepard v. Hanson*, 9 N. D., 249, 83 N. W., 20, 21, the Court said: "It is true that the possession of a negotiable instrument payable to bearer or payable to order, and indorsed in blank or indorsed to the holder, is *prima facie* evidence of ownership. * * * But it is equally true that the possession by one not the payee of such an instrument, which is not indorsed and is not payable to bearer, is not *prima facie* evidence of ownership by the party having possession, where the ownership is controverted."

In *Red River Valley Investment Co. v. Cole*, 62 Minn., 457, 64 N. W., 1149, it was held: "The possession by a third party of a negotiable promissory note payable to order, but not indorsed by the payee, is not evidence of ownership by such third party."

In *Capital Hill State Bank v. Rawlins National Bank*, 24 Wyo., 423, 160 P., 1171, 1180, 11 A. L. R., 937, the Court said, referring to a negotiable instrument payable to order but not indorsed by the payee: "But the clear weight of authority and the better reasoning, in our opinion, sustains the rule that mere possession of such an instrument unindorsed is not sufficient or *prima facie* evidence of even the equitable title. See note in 50 L. R. A. (N. S.), 581-591. We agree with the remark of the Court in *Swanby v. Northern State Bank*, 150 Wis., 572, 137 N. W., 763, that such possession 'does not prove or tend to prove' the transfer of a note payable to order and not shown to have been indorsed by the payee. The fact necessary to the equitable title, in such case, is a transfer by the payee or the person to whose order the instrument has been made payable. Such proof is generally at least within the power of the person seeking to recover upon the instrument, if it has been so

transferred, while the other party might be wholly without knowledge or information concerning the matter. The presumption of delivery from possession is proper and reasonable where the instrument is payable to bearer; but we see no good reason for giving effect to such presumption where the instrument is payable to order and not indorsed, so as to overcome the usual and primary presumption, in such case, that the instrument remains the property of the person to whose order it is made payable."

In the same case the following is quoted with approval from Daniel on Negotiable Instruments: "Where a bill or note payable 'to order' is transferred without indorsement, the transferee does not acquire the legal, but only the equitable, title. The holder under such a transfer must aver and prove the assignment, for the mere possession of the instrument unindorsed is not evidence of ownership, and its exhibition in a suit not sufficient ground of recovery."

See, also, *Bausman v. Kelley,* 38 Minn., 197, 36 N. W., 333, 8 Am. St. Rep., 661; *Beard v. First National Bank,* 39 Minn., 546, 40 N. W., 842; *Hair v. Edwards,* 104 Mo. App., 213, 77 S. W., 1089; *Turner v. Mitchell,* 61 S. W., 468, 22 Ky. Law Rep., 1784; *Witt v. Segar Co.,* 66 Or., 144, 134 P., 316; *Porter v. Cushman,* 19 Ill., 572; *Ross v. Smith,* 19 Tex., 171, 17 Am. Dec., 327.

And, in view of the decision of this Court in *Henneman v. Thomson,* 8 S. C., 115, the question does not appear to be an open one in this State. Henneman drew a draft on Thomson payable at sight, to the order of George Cofield, cashier, which was accepted by Thomson. Some credits were indorsed upon the draft by Henneman, who afterwards brought an action before a trial justice to recover the balance due. He obtained a judgment, which was affirmed by the Circuit Court. The Supreme Court reversed the judgment of the Circuit Court, saying: "The draft being drawn payable to the order of George Cofield, and he not having protested, endorsed or assigned and delivered the same to any

person or persons, and there being no evidence that the plaintiff was the owner or holder, the payee (George Cofield) is the only party who has the lawful right of action."

While that case involved a draft rather than a note, the analogy to the present case is clear. When Thomson accepted the draft, he became liable to pay the amount thereof to the order of Cofield, and Henneman became a stranger to the paper. When suit was brought by Henneman, Cofield had not indorsed or assigned the paper, and the Court held that there was no evidence of ownership in Henneman.

It is clear from what we have said that, in the case at bar, as possession was no evidence of ownership in the appellant, and as no testimony dehors the note was adduced to show such ownership, the trial Court properly refused to admit the note in evidence.

*Baker v. Warner,* 16 S. D., 292, 92 N. W., 393, 394, is in point. In that case an action was brought by one in possession of three promissory notes payable "to order" and alleged to have been indorsed by the payee. The defendants admitted the execution of the notes, but denied, *inter alia,* the payee's indorsement, and objected to their admission in evidence for the reason that it was not shown that the indorsement purported to have been made by the payee was in his handwriting. On appeal the Supreme Court of South Dakota held: "As the execution of the notes was admitted, their introduction in evidence was material only for the purpose of proving the indorsements, and, as no proof of the genuineness of the indorser's signature was offered, *the situation was the same as if there had been no writing on the back of either of them,* and they should have been excluded when objected to on that specific ground." (Italics added.)

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Blease and Carter concur.