

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 3, 1957.

Honorable John H. Winters
Executive Director
State Department of
   Public Welfare
Austin 14, Texas.

Opinion No. WW-116

Re: Whether the Department
of Public Welfare may
legally refund to the
International Church of
The Four-Square Gospel
the sum of $45.00,
which represents an
assessment which was
collected and deposited
in the Commodity Dis-
tribution Fund in the
State Treasury through
error.

Dear Mr. Winters:

       You have requested our opinion concerning whether
the Department of Public Welfare may legally refund assess-
ments erroneously collected and deposited in the State
Treasury under the facts submitted. You state in your re-
quest that, pursuant to the provisions of House Bill 441,
Acts of the 53rd Legislature, Regular Session, 1953,
Chapter 305, page 757, codified in Vernon's as Article
695c, Section 7-A, Vernon's Civil Statutes, the sum of Forty-
five ($45.00) Dollars was collected from the International
Church of the Four-Square Gospel in Dallas, Texas. It sub-
sequently developed that the Church was ineligible for
commodities and, therefore, the money collected and deposited
in the State Treasury had not been due to the Department of
Public Welfare. The Department of Public Welfare approved
a purchase voucher authorizing payment of a refund of the
Forty-five ($45.00) Dollars, which refund was rejected by the
Comptroller of Public Accounts.

       Section 7-A of Article 695c, provides in part:

       "It is further provided that the money to
be assessed shall be paid to the State Depart-
ment of Public Welfare and shall be used for no
other purposes except for the necessary economic
operation of the Program subject to rules and
regulations which may be established by the State
Department of Public Welfare, by the provisions

of this Act, and by the provisions of the
general appropriation Acts of the Legisla-
ture.  The funds received by the State
Department of Public Welfare shall be
deposited in a separate account in the State
Treasury, and shall be subject to withdrawals
upon authorization by the Executive Director
of said Department . . . ."(Emphasis ours)

Section 6 of Article VIII of the Constitution of
Texas provides:

"No money shall be drawn from the Treasury
but in pursuance of specific appropriations
made by law;  nor shall any appropriation of
money be made for a longer term than two years,
except by the first Legislature to assemble under
this Constitution, which may make the necessary
appropriations to carry on the government until
the assemblage of the sixteenth Legislature."

By virtue of the provisions of Section 6 of Article
VIII of the Constitution of Texas, above quoted, money not
specifically appropriated by the Legislature cannot be with-
drawn from the Treasury.  Pickle v. Finley, 91 Tex. 484,
44 S.W. 480 (1898);  Lightfoot v. Lane, 104 Tex. 447, 140
S.W. 89 (1911);  State v. Snyder, 66 Tex. 687, 18 S.W. 106
(1886);  Attorney General's Opinion WW-102.

In State v. Snyder, supra, the court stated:

"The constitution provides that 'no money
shall be drawn from the treasury but in pursu-
ance of specific appropriation made by law'.
As was said in Treasurer v. Wygall, 46 Tex. 465:
'The key that unlocks the state treasury is an
act of the legislature, directing the thing to
be done which is demanded, and not the judgment
of a court, founded on equitable consideration,
reaching beyond and changing the terms of the
law in the disposition of property.'"

Since Section 7-A of Article 695c required the
assessments collected to be deposited in the State Treasury
and does not provide for a refund of such assessments and
since there is no available appropriation for the payment of
refunds, you are advised that the Department of Public Wel-
fare is not authorized to refund the money collected and
deposited in the State Treasury as outlined in your request.

## SUMMARY

The Department of Public Welfare
cannot legally refund an assessment which
was collected and deposited in the State
Treasury pursuant to the provisions of
Section 7-A of Article 695c of Vernon's
Civil Statutes since Article 695c does not
authorize the refund of such assessments
and there is no available appropriation
for the payment of such refund, even though
the assessment was collected through error.
Section 6, Article VIII of the Constitution
of Texas; Pickle v. Finley, 91 Tex. 484,
44 S.W. 480 (1898); Lightfoot v. Lane, 104
Tex. 447, 140 S.W. 89(1911); State v.
Snyder, 66 Tex. 687, 18 S.W. 106 (1886);
Attorney General's Opinion WW-102.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
   John Reeves
   Assistant

JR:zt:rh

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
Elbert M. Morrow
Mrs. Marietta Payne
Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY GENERAL
BY:
     Geo. P. Blackburn